In re Frank J. HUBBARD, Debtor.

Frank J. HUBBARD, Plaintiff,

v.

FLEET MORTGAGE COMPANY f/k/a Mortgage Associates, Inc., Defendant.

Bankruptcy No. LR 82–451M.
Adv. No. 82–1129M.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Sept. 26, 1985.

Andree L. Roaf, Little Rock, Ark., for debtor/plaintiff.

Charles D. Davidson, Little Rock, Ark., trustee.

James W. Stanley, Jr., N. Little Rock, Ark., for defendant.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

Before the Court are motions to dismiss by Fleet Mortgage Company and to cite Fleet Mortgage Company in contempt filed by the debtor. The following facts were presented at the hearing on May 17, 1985. Frank J. Hubbard, Jr., filed a voluntary petition for relief under the provisions of Chapter 7 on May 18, 1982. According to an Order entered by this Court, the Honorable Charles W. Baker presiding, the defendant Fleet Mortgage Company, formerly Mortgage Associates, Inc., by its own admission and with full knowledge of the pendency of the bankruptcy case, proceeded to judgment with a foreclosure action in

state court against the debtor's homestead. The Order further recites that the defendant obtained a public sale of the property and was the successful bidder at the commissioner's auction. Thereafter, the defendant had the debtor, who is disabled, his wife and family of four children evicted by the sheriff. All of the debtor's household furnishings and personal property were also removed by the sheriff and placed in storage. The debtor thereafter converted his Chapter 7 to a Chapter 13 case on December 30, 1982, and filed a motion seeking to set aside the sale and obtain the return of his personal property. He also asked for compensatory and punitive damages, costs and attorney's fees. The Court, in its Order of April 8, 1983, found the defendant in contempt, set the sale aside and ordered the defendant to return the debtor's property to him. The trial on the issue of damages was rescheduled for a hearing on the merits on May 20, 1983.

Subsequently, the parties settled the remaining controversy by reducing an agreement to an additional Order which was entered April 4, 1984. The Order was approved by the Honorable J.W. Stanley who stated that he had full authority from his client, Fleet Mortgage Company, to do so. The Order directed Fleet Mortgage Company to file an amended claim reflecting credit for the debtor's expenses incurred in connection with his wrongful eviction. The Order further gave Fleet Mortgage Company two options: (1) within one month commence repair of debtor's homestead to his satisfaction, or (2) pay to the debtor the cost of repair as per the proposals submitted by debtor's contractor, Remodeling Unlimited, on January 1, 1984. The defendant did neither, but instead employed its own contractor who commenced work without ever consulting the debtor or the debtor's attorney. The work was completed to the satisfaction of Fleet Mortgage Company. The cost for repairs was significantly less than the estimate of Remodeling Unlimited. Fleet Mortgage Company's

contractor even officiously removed an old automobile in the debtor's front yard.[1]

On December 21, 1984, Fleet Mortgage Company filed a motion to dismiss debtor's case because of nonpayment. Debtor responded by filing a motion for contempt detailing deficiencies in the repairs and citing the mortgage company's failure to comply with the Court's Order of April 4, 1984.

■ The motion to dismiss for debtor's failure to make payments is denied. This Court's Order of April 4, 1984, provides that:

> [T]he trustee shall make no payments to Fleet Mortgage Corporation with respect to its claim for the arrearages or the monthly contract payment until its claim has been modified, and repairs to debtor's homestead have commenced or cost of said repairs paid by the mortgage company as provided herein.

The amended claim of Fleet Mortgage Company was not filed until May 17, 1985, the day of the hearing. Therefore, the debtor, pursuant to the April 4, 1984, Order, was not obliged to make payments to Fleet Mortgage Company.

The Court finds that the debtor's motion to cite Fleet Mortgage Company for contempt is well taken. The mortgage company has twice violated Orders of this Court and remains in violation of an Order it agreed to.

■ At the conclusion of the evidence the Court announced its intention to disallow Fleet Mortgage Company's claim of $7,649.80 for its misconduct in this case pursuant to the authority of 11 U.S.C. § 105(a). However, the Court upon further review of the law finds that it does not have the authority to disallow a claim in this manner. The Court is persuaded that Fleet Mortgage Company is in contempt of a second Order of this Court and should be fined for its contempt a sum equal to its claim, plus payment of debtor's attorney fee in the sum of $750.00. However, only the District Court may assess a fine for

---

1. Debtor said he was in the process of repairing the car while the contractor testified the vehicle was a derelict with no wheels, no motor and no steering wheel.

contempt in this manner because such a sanction would be in the nature of a criminal contempt action. *Lindsey v. Ipock,* 732 F.2d 619 (8th Cir.1984). Therefore, pursuant to Bankruptcy Rule of Procedure 9020, this matter is certified to District Court with the recommendation that Fleet Mortgage Company be found in contempt of this Court's Order of April 4, 1984, and fined a sum equal to its claim in this case, plus attorney's fees of $750.00 and that it be required to execute a release of its deed of trust lien forthwith.

IT IS SO ORDERED.